**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**HEARTS ON FIRE COMPANY, LLC,**

**Plaintiff,**

**vs.**

**DE BEERS DIAMOND JEWELLERS LIMITED,**

**Defendant.**

**CIVIL ACTION NO.**

## COMPLAINT

Plaintiff Hearts On Fire Company, LLC ("HOF" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint for Trademark Infringement and Unfair Competition against Defendant De Beers Diamond Jewellers Limited ("De Beers" or "Defendant"), and alleges as follows:

## INTRODUCTION

This Complaint is brought to redress the willful violation of HOF's trademark rights by a direct competitor, De Beers. With full knowledge of HOF's rights in and to the SUBLIME Mark for jewelry, De Beers adopted and began using the mark SUBLIME SYMMETRY for the very same goods and services. De Beers' actions are exploiting the goodwill that HOF has built up under the SUBLIME Mark, and has created or is likely to create confusion.

**THE PARTIES, JURISDICTION, AND VENUE**

1. HOF is a Massachusetts limited liability company located and doing business at 99 Summer Street, Fourth Floor, Boston, Massachusetts 02110. HOF is a world-famous, leading provider of diamonds, jewelry, and related services. In connection therewith, HOF is the owner of a number of trademarks and service marks throughout the world, including the trademark SUBLIME in connection with jewelry.

2. Upon information and belief, Defendant is a foreign limited company organized under the laws of the United Kingdom with a principal place of business at 45 Old Bond Street, London W1S 4QT, United Kingdom, and also provides diamonds, jewelry, and related services. In connection therewith, Defendant uses the trademark SUBLIME SYMMETRY in connection with jewelry and related services. Defendant owns and operates an interactive website at <debeers.com> through which it offers its goods and services, including jewelry, and on which it uses the trademark SUBLIME SYMMETRY. Indeed, the trademark SUBLIME SYMMETRY appears on virtually every page of the interactive website at <debeers.com>. A true and correct copy of screen-shots of the website at <debeers.com> is attached hereto as Exhibit A. Defendant owns and operates numerous jewelry stores in the United States, including stores in New York City and McLean, Virginia.

3. This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, unfair competition and unfair and deceptive trade practices under Massachusetts Unfair and Deceptive Acts and Practices, Mass. Gen. Laws ch. 93A, and the common law of Massachusetts.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a) and (b).

5. This Court has supplemental jurisdiction over the claims of HOF arising under the laws of Massachusetts pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims of HOF under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6. This Court has personal jurisdiction over Defendant consistent with the principles underlying the United States Constitution and Massachusetts because this action arises: (a) from Defendant's transactions of business in Massachusetts; (b) from Defendant's conduct with respect to contracting to supply services and things in Massachusetts, among other places; (c) from Defendant causing tortious injury in Massachusetts by acts or omissions within Massachusetts; and/or (d) from Defendant causing tortious injury in Massachusetts by acts or omissions outside of Massachusetts while regularly doing or soliciting business, or engaging in a persistent course of conduct, or deriving substantial revenues from goods used or consumed or services rendered in Massachusetts. Mass. Gen. Laws ch. 223A § 3(a), (b), (c), and (d).

7. The particular conduct triggering such jurisdiction includes, among other things: (a) Defendant's operation of a highly interactive website through which it solicits and conducts business, including selling and offering for sale jewelry; (b) Defendant's intentional use of the infringing SUBLIME SYMMETRY trademark on the Internet to promote the sale of competing goods and services through its website; and (c) upon information and belief, Defendant regularly does or solicits business in Massachusetts.

8. By intentionally using the infringing SUBLIME SYMMETRY trademark, Defendant's conduct is intended to cause harm to HOF, a company which is located in Massachusetts. Indeed, prior to the filing of this Complaint, Defendant was well aware that HOF is a Massachusetts company located and doing business in Massachusetts. In fact, as discussed

further *infra* at Paragraph 33, Defendant had already filed a Petition for Cancellation in the United States Trademark Trial and Appeal Board seeking to cancel HOF's SUBLIME Mark Registration. Accordingly, Defendant knew that its infringing SUBLIME SYMMETRY trademark would cause harm to HOF in Massachusetts and Defendant specifically targeted HOF in Massachusetts.

9. Through such conduct, Defendant has purposefully availed itself of the privileges of conducting business in Massachusetts, and, when engaging in such conduct, it was reasonably foreseeable that Defendant would be subjected to this Court's jurisdiction.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant "resides" in this judicial district insofar as Defendant is subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

11. HOF is a world-famous, leading provider of diamonds, jewelry, and related services. In connection therewith, HOF uses in interstate commerce and owns the well-known and distinctive trademark SUBLIME, including a United States trademark registration. Since at least as early as September 2004, HOF has continuously used the SUBLIME Mark in interstate commerce.

12. HOF sells its diamonds and jewelry to authorized retailers and provides services relating to the sale of jewelry to retailers and the public. HOF sells to authorized retailers at numerous retail locations throughout the world, including over 600 locations in the United States.

13. HOF has duly and properly registered the SUBLIME Mark in the United States Patent and Trademark Office ("USPTO") on the Principal Register.

14. HOF owns a federal trademark registration for the SUBLIME Mark, with a date of first use in commerce at least as early as September 2004.

15. HOF filed its federal trademark application for the SUBLIME Mark for "jewelry" in International Class 14, on May 13, 2004, with a claimed date of first use of May 1, 2004, and first use in commerce of September 1, 2004. This application issued on February 28, 2006 as Registration No. 3,064,458 ("Registration"). A true and correct copy of United States Trademark Registration No. 3,064,458 is attached hereto as Exhibit B.

16. The federal trademark registration referenced above and attached hereto as Exhibit B is valid and subsisting, and provides conclusive evidence of the right of HOF to use the SUBLIME Mark in commerce.

17. HOF provides jewelry, and related goods and services (the "HOF Goods & Services") under its SUBLIME Mark (Reg. No. 3,064,458).

18. The SUBLIME Mark clearly establishes that HOF has senior trademark rights in its SUBLIME Mark and consequently there is no question of priority of rights, as such priority clearly belongs to HOF.

19. HOF has extensively used the SUBLIME Mark and has advertised, promoted, and offered the HOF Goods & Services under the SUBLIME Mark in interstate commerce through various channels of trade. As a result, the customers and potential customers of HOF, and the public in general have come to know and recognize the SUBLIME Mark as identifying the HOF Goods & Services as goods and services of the highest quality offered by HOF, and associate the SUBLIME Mark with the HOF Goods & Services. HOF has thus built up extensive and

invaluable goodwill in connection with the sale of its goods and services offered under its SUBLIME Mark.

20. HOF has offered and sold its HOF Goods & Services nationwide under the SUBLIME Mark.

21. Notwithstanding HOF's exclusive and prior rights in and to the SUBLIME Mark, and after 2006, the federal trademark registration date for the SUBLIME Mark, Defendant adopted and began using the trademark SUBLIME SYMMETRY in connection with jewelry and related services (the "Defendant Goods & Services").

22. The Defendant Goods & Services are in direct competition with the HOF Goods & Services.

23. Defendant's use of the SUBLIME SYMMETRY Mark is nearly identical to and confusingly similar to HOF's SUBLIME Mark in appearance, sound, meaning, and commercial impression.

24. Defendant's use of the SUBLIME SYMMETRY Mark trades off the goodwill of HOF's SUBLIME Mark and is without permission or license from HOF.

25. Defendant advertises its goods and services in commerce using the SUBLIME SYMMETRY Mark, which is nearly identical to and confusingly similar to the SUBLIME Mark of HOF. Both Parties utilize the same or similar channels of trade.

26. On March 30, 2011, Defendant filed a intent-to-use based and foreign filing based trademark application under Sections 1(b) and 44(d) of the Lanham Act, 15 U.S.C. §§ 1051(b) and 1126(d), with the United States Patent and Trademark Office ("USPTO") for registration of the trademark SUBLIME SYMMETRY for "precious metals and their alloys and goods in precious metals or coated therewith, not included in other classes; jewellery, precious stones;

horological and chronometric instruments" in International Class 14, and "advertising; business management; business administration; office functions" in International Class 35 ("Application"). The Application was assigned Serial No. 85/281,172. HOF's federal registration for the SUBLIME Mark issued on February 28, 2006, with a date of first use and first use in commerce at least as early as May 1, 2004 and September 1, 2004, respectively; therefore, there is no issue as to priority as HOF has prior rights. A true and correct copy of TARR and TESS printouts from the official website of the USPTO for United States Trademark Application Serial No. 85/281,172 is attached hereto as Exhibit C.

27. On or around June 27, 2011, the Examining Attorney at the USPTO issued an Office Action refusing registration of the Application as to Class 14 "because of a likelihood of confusion with the mark in U.S. Registration No. 3064458 [the SUBLIME Mark]." A true and correct copy of a TDR printout from the official website of the USPTO of the Office Action dated June 27, 2011 is attached hereto as Exhibit D.

28. Upon information and belief, Defendant uses and intends to use the SUBLIME SYMMETRY Mark without the authorization of HOF, thereby confusing consumers as to the source of the goods and services and resulting in damage and detriment to HOF and its reputation and goodwill.

29. Upon information and belief, Defendant knew or had reason to know of the SUBLIME Mark of HOF at the time Defendant commenced use of its SUBLIME SYMMETRY Mark.

30. HOF has used its SUBLIME Mark continuously on or in connection with the HOF Goods & Services in interstate commerce prior to the date Defendant commenced use of its SUBLIME SYMMETRY Mark.

31. On March 30, 2011, Defendant filed a Petition for Cancellation in the United States Trademark Trial and Appeal Board, Proceeding No. 92053835, seeking to cancel the SUBLIME Mark Registration on the alleged grounds of abandonment. On May 13, 2011, HOF filed its Answer and Affirmative Defenses to the Petition for Cancellation affirmatively denying any allegation by Defendant that HOF has abandoned or did abandon its SUBLIME Mark, as depicted in the Registration. To the contrary, HOF's Registration is valid, subsisting, unrevoked and uncancelled, and provides conclusive evidence of HOF's right to use the SUBLIME Mark in commerce. HOF has used and is using its SUBLIME Mark continuously on or in connection with jewelry in interstate commerce since at least as early as the date of first use in interstate commerce of September 1, 2004 alleged in the Registration. HOF has not abandoned and did not abandon its SUBLIME Mark, as depicted in the Registration. Moreover, HOF has not discontinued and did not discontinue use of its SUBLIME Mark as depicted in the Registration. Furthermore, HOF has not discontinued and did not discontinue use of its SUBLIME Mark as depicted in the Registration with no intent to resume use.

32. Prior to HOF's filing of the Complaint in this action, HOF made a good faith effort to resolve this matter amicably. Defendant led HOF to believe that the Parties might be able to reach an agreement. Nevertheless, as has become recently apparent, Defendant has no intention of resolving this matter amicably, but instead, has been moving forward with branding under the SUBLIME SYMMETRY Mark. As a result, HOF has had no choice but to commence this action.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

33. HOF repeats and realleges each and every allegation contained in Paragraphs 1 through 32 above, as if set forth herein in full.

34. Defendant's SUBLIME SYMMETRY Mark so resembles the SUBLIME Mark of HOF in appearance, sound, meaning, and commercial impression that the use and registration thereof is likely to cause confusion, mistake, and deception as to the source or origin of the Defendant Goods & Services, and will injure and damage HOF and the goodwill and reputation symbolized by the SUBLIME Mark of HOF.

35. The Defendant Goods & Services offered under Defendant's SUBLIME SYMMETRY Mark are so related to the goods and services offered under the SUBLIME Mark by HOF that the public is likely to be confused, deceived, and to assume erroneously that the Defendant Goods & Services are those of HOF or that Defendant is in some way connected with, licensed, or sponsored by or affiliated with HOF, all to HOF's irreparable damage.

36. Likelihood of confusion is enhanced by the fact that the SUBLIME Mark is strong, well-known, and entitled to a broad scope of protection.

37. Likelihood of confusion is also enhanced by the fact that Defendant's SUBLIME SYMMETRY Mark and the SUBLIME Mark of HOF both prominently incorporate the key component "SUBLIME" and because the Defendant Goods & Services are closely related to the HOF Goods & Services.

38. Likelihood of confusion is further enhanced by the fact that the Parties market and will likely market their goods and services in the same or similar channels of trade.

39. Defendant is not affiliated or connected with HOF and has not been endorsed or sponsored by HOF, nor has HOF approved any of the Defendant Goods & Services offered or sold or intended to be sold by Defendant under its SUBLIME SYMMETRY Mark.

40. Defendant has never sought or obtained the permission of HOF to use the SUBLIME SYMMETRY Mark, nor has HOF approved any of the Defendant Goods & Services offered under Defendant's SUBLIME SYMMETRY Mark.

41. HOF's United States Trademark Registration identified above provides, at the very least, constructive notice to Defendant of the rights of HOF in and to the SUBLIME Mark.

42. The use by Defendant of the SUBLIME SYMMETRY Mark in connection with the Defendant Goods & Services is likely to cause confusion, mistake, or deception of consumers as to the source of origin or sponsorship of the services, in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

43. Consumers are likely to purchase or engage the Defendant Goods & Services being offered under the SUBLIME SYMMETRY Mark believing them to be those of HOF, thereby resulting in a loss of goodwill and economic harm to HOF.

44. HOF is informed and believes and on that basis alleges that Defendant has derived unlawful gains and profits from its infringing use of the SUBLIME SYMMETRY Mark. Defendant's infringing use has caused loss, injury, and damage to HOF.

45. The goodwill of HOF's business under the SUBLIME Mark is of great value, and HOF will suffer irreparable harm should Defendant's infringement be allowed to continue to the detriment of the trade reputation and goodwill of HOF for which damage HOF cannot be adequately compensated at law.

46. HOF has no control over the quality of the goods and services offered by Defendant. Thus, the value of the SUBLIME Mark of HOF is subject to damage and dilution by an entity and individuals it cannot control.

47. Unless enjoined by this Court from so doing, Defendant will continue to engage in its acts of infringement, to the irreparable damage and injury of HOF.

48. Upon information and belief, Defendant has engaged in acts of infringement with knowledge of HOF's exclusive rights to the SUBLIME Mark in connection with the HOF Goods & Services, and Defendant continues in such acts of intentional infringement, thus entitling HOF to an award of treble its actual damages, Defendant's profits, plus attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(b) of the Lanham Act, 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF
## (Federal Unfair Competition and False Designation of Origin and False and Misleading Representations – 15 U.S.C. § 1125(a))

49. HOF repeats and realleges each and every allegation contained in Paragraphs 1 through 48 above, as if set forth herein in full.

50. Defendant's use of the SUBLIME SYMMETRY Mark constitutes unfair competition and a false designation of origin or false or misleading description or representation of fact, which is likely to deceive customers and prospective customers into believing that the Defendant Goods & Services offered for sale under Defendant's SUBLIME SYMMETRY Mark are those of HOF in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Defendant's actions cause or are likely to cause confusion or mistake among the public as to the true origin and sponsorship of the Defendant Goods & Services offered for sale under Defendant's SUBLIME SYMMETRY Mark, and to confuse the public into believing that

the Defendant Goods & Services have the approval of HOF, or are otherwise affiliated, connected, associated with, or sponsored by HOF, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. HOF has no control over the nature and quality of the Defendant Goods & Services offered for sale under Defendant's SUBLIME SYMMETRY Mark. Any failure, neglect, or default of Defendant in providing goods and services will reflect adversely on HOF.

53. HOF is informed and believes and on that basis alleges that Defendant has derived unlawful gains and profits from its infringement of the SUBLIME Mark. As a result of Defendant's infringement of the SUBLIME Mark, HOF has suffered loss, injury, and damages.

54. The goodwill of HOF's business under the SUBLIME Mark is of great value, and HOF will suffer irreparable harm should Defendant's acts of unfair competition, and false representation and designations, be allowed to continue, to the detriment of the trade reputation and goodwill of HOF for which damage HOF cannot be adequately compensated at law.

55. HOF has no control over the quality of the goods and services offered by Defendant. Thus, the value of the SUBLIME Mark of HOF is subject to damage and dilution by an entity and individuals it cannot control. Unless enjoined by this Court from so doing, Defendant will continue to engage in acts of unfair competition, false representation and designation, to the irreparable damage and injury of HOF.

56. Upon information and belief, from the outset, Defendant has engaged in acts of unfair competition, false representation and designation, with knowledge of the exclusive rights of HOF to the SUBLIME Mark in connection with the closely related goods and services, and Defendant continues in such acts of unfair competition, intentional false representation and designation, thus entitling HOF to an award of its actual damages, Defendant's profits, plus

attorneys' fees and costs in bringing and maintaining this action, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**
**(Massachusetts Unfair and Deceptive Acts and Practices – Mass. Gen. Laws ch. 93A)**

57. HOF repeats and realleges each and every allegation contained in Paragraphs 1 through 56 above, as if set forth herein in full.

58. HOF and Defendant are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

59. Defendant's use of the SUBLIME SYMMETRY Mark constitutes unfair and deceptive acts and practices in violation of the Massachusetts Unfair and Deceptive Acts and Practices, Mass. Gen. Laws ch. 93A, as such acts and practices are likely to mislead and deceive customers and prospective customers into believing that the Defendant Goods & Services are those of HOF. Defendant's unfair and deceptive acts and practices have occurred primarily and substantially in Massachusetts in that, among other things, HOF is located in Massachusetts; the injury, loss, damage, and harm to HOF caused by Defendant's unfair and deceptive acts and practices have occurred in Massachusetts; Defendant's highly interactive and infringing website is accessible in Massachusetts; and, upon information and belief, Defendant has made sales using the SUBLIME SYMMETRY Mark to Massachusetts residents.

60. Defendant's actions are likely to cause confusion or mistake among the public and create material misrepresentations as to the true origin and sponsorship of the Defendant Goods & Services and to confuse and mislead the public into believing that the Defendant Goods & Services have the approval of HOF and/or that those goods and services have been passed off as those of HOF in violation of the Massachusetts Unfair and Deceptive Acts and Practices, Mass.

Gen. Laws ch. 93A.

61. HOF has no control over the nature and quality of the Defendant Goods & Services. Customers, believing HOF to be the source of such goods and services, are likely to blame HOF for any failure, neglect or default of Defendant in providing quality goods and services, hampering efforts by HOF to continue to protect its outstanding reputation for the HOF Goods & Services. Defendant's wrongful conduct has deceived and is likely to deceive the consuming public and has resulted in loss of sales and is likely to result in further loss of sales for HOF.

62. Unless enjoined by this Court from so doing, Defendant will continue its conduct of passing off and engaging in unfair and deceptive acts and practices, to the irreparable harm of HOF.

63. HOF is informed and believes and on that basis alleges that Defendant has derived unlawful gains and profits from its unfair and deceptive acts and practices, as alleged above, and has caused loss, injury and damage to HOF, its goodwill and the SUBLIME Mark, in an amount as yet unknown but to be proven at trial. Such loss, injury, and damage were suffered by HOF in Massachusetts.

64. Through the unfair and deceptive acts and practices described herein, HOF has been, and continues to be, irreparably harmed in Massachusetts by Defendant's activities and conduct. Defendant has profited thereby and, unless its conduct is enjoined, HOF will continue to suffer irreparable harm that cannot adequately be calculated or compensated by monetary damages. Accordingly, HOF seeks injunctive relief pursuant to Mass. Gen. Laws ch. 93A § 11.

65. By using the infringing SUBLIME SYMMETRY trademark in connection with the sale, offering for sale, and/or advertising of goods and services to the general public,

Defendant has intentionally and knowingly violated HOF's rights. According, HOF is entitled to a judgment of three times its damages, together with reasonable attorney's fees, pursuant to Mass. Gen. Laws ch. 93A § 11.

**FOURTH CLAIM FOR RELIEF**
**(Trademark Infringement and Unfair Competition Under Massachusetts Common Law)**

66. HOF repeats and realleges each and every allegation contained in Paragraphs 1 through 65 above, as if set forth herein in full.

67. HOF owns and enjoys common law rights in Massachusetts and elsewhere in the United States in and to the SUBLIME Mark for the HOF Goods & Services.

68. Defendant has traded off and misappropriated the reputation and valuable goodwill of the SUBLIME Mark of HOF in Massachusetts and acted in a manner that has created and will continue to create a likelihood of confusion and mistake as to the source of the Defendant Goods & Services. Defendant's acts are likely to lead the public to believe mistakenly that the Defendant Goods & Services are in some way associated with, or sponsored by HOF, to the detriment of HOF. Defendant's activities constitute unfair competition, misappropriation of the goodwill of HOF, and palming off.

69. Unless enjoined by this Court from so doing, Defendant will continue its conduct of passing off and engaging in acts of unfair competition, to the irreparable damage and injury of HOF.

70. HOF is informed and believes and on that basis alleges that Defendant has derived unlawful gains and profits from its unlawful acts, as alleged above, and has caused loss, injury, and damage to HOF, its goodwill, and the SUBLIME Mark, in an amount as yet unknown but to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**(Accounting)**

71. HOF repeats and realleges each and every allegation contained in Paragraphs 1 through 70 above, as if set forth herein in full.

72. HOF is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to the acts of infringement and unfair competition.

73. HOF is entitled, pursuant to 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendant's acts of infringement and unfair competition.

74. The amount of money due from Defendant to HOF is unknown to HOF and cannot be ascertained without a detailed accounting by Defendant of the precise revenues received under Defendant's SUBLIME SYMMETRY Mark.

**ALLEGATIONS OF IRREPARABLE HARM**
**COMMON TO ALL CLAIMS FOR RELIEF**

75. HOF repeats and realleges each and every allegation contained in Paragraphs 1 through 74 above, as if set forth herein in full.

76. HOF has suffered, is suffering, and will continue to suffer irreparable harm as a result of Defendant's wrongful conduct. Defendant will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable harm of the business and reputation of HOF. HOF's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

**PRAYER FOR RELIEF**

WHEREFORE, HOF respectfully prays the Court:

A. Order Defendant to abandon expressly United States Trademark Application Serial No. 85/281,172 for the SUBLIME SYMMETRY Mark, and never to re-file for any

trademark incorporating "SUBLIME SYMMETRY" or the SUBLIME Mark;

B. Enter a judgment against Defendant that Defendant has willfully infringed the registered trademark rights of HOF in the SUBLIME Mark under 15 U.S.C. § 1114;

C. Enter a judgment against Defendant that Defendant has committed and is committing acts of trademark infringement in violation of the rights of HOF under 15 U.S.C. § 1114;

D. Enter a judgment against Defendant that Defendant has committed and is committing acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of the rights of HOF under 15 U.S.C. § 1125(a);

E. Enter a judgment against Defendant that Defendant has engaged in unfair and deceptive acts and practices in violation of Mass. Gen. Laws ch. 93A, § 11, and trademark and infringement and unfair competition in violation of Massachusetts common law;

F. Issue preliminary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, be enjoined and restrained from:

(i) imitating, copying, or making any other infringing use of the SUBLIME Mark and Defendant's SUBLIME SYMMETRY Mark, and any other mark now or hereafter confusingly similar to the SUBLIME Mark;

(ii) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the

SUBLIME Mark, Defendant's SUBLIME SYMMETRY Mark, or any mark confusingly similar thereto;

(iii) using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good or service has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for HOF, when such is not true in fact;

(iv) using the names, logos, or other variations thereof of the SUBLIME Mark or Defendant's SUBLIME SYMMETRY Mark in any of Defendant's trade or corporate names;

(v) engaging in any other activity constituting an infringement of the SUBLIME Mark, or of the rights of HOF in, or right to use or to exploit the SUBLIME Mark; and

(vi) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above;

G. Order Defendant to publish notice to all customers or members of the trade who may have seen or heard of Defendant's use of Defendant's SUBLIME SYMMETRY Mark, which notice shall disclaim any connection with HOF and shall advise them of the Court's injunction order and of Defendant's discontinuance from all use of Defendant's SUBLIME SYMMETRY Mark;

H. Order Defendant to pay the costs of corrective advertising;

I. Order Defendant to hold in trust, as constructive trustees for the benefit of HOF, its profits obtained from its provision of the Defendant Goods & Services offered for sale under

Defendant's SUBLIME SYMMETRY Mark;

J. Order Defendant to provide HOF a full and complete accounting of all amounts due and owing to HOF as a result of Defendant's illegal activities;

K. Order Defendant to pay the general, special, actual, and statutory damages of HOF as follows:

(i) HOF's damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendant's willful violation of the federally registered trademarks of HOF; and

(ii) HOF's damages and Defendant's profits pursuant to Massachusetts common law;

(iii) Three times HOF's actual damages and an award of reasonable attorney's fees and costs for Defendant's willful violations of Mass. Gen. Laws ch. 93A;

L. Order Defendant to pay to HOF both the costs of this action and the reasonable attorneys' fees incurred by HOF in prosecuting this action pursuant to 15 U.S.C. § 1117(a); and

M. Award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

HOF demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 3rd day of August, 2011.

DLA PIPER LLP (US)

Bruce E. Falby (BBO #544143)
Robert P. Sherman (BBO #548540)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
Tel.: 617-406-6000
Fax: 617-406-6100
bruce.falby@dlapiper.com
robert.sherman@dlapiper.com

*Attorneys for Plaintiff*
*Hearts On Fire Company, LLC*